## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE BRITT, | § | |
| | § | |
| *Plaintiff* | § | |
| v. | § | |
| | § | CIVIL NO. 1:19-CV-781-RP |
| WALGREEN CO., | § | |
| | § | |
| *Defendant* | § | |

### O R D E R

Before the Court are Plaintiff Stephanie Britt's Amended Motion to Amend Pleadings, filed May 15, 2020 (Dkt. 17); Defendant Walgreen Co.'s ("Walgreens") response in opposition to Plaintiff's motion, filed May 21, 2020 (Dkt. 18); and Plaintiff's reply, filed May 28, 2020 (Dkt. 21). On May 27, 2020, the District Court referred the motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I. Background

Britt filed a petition against Walgreens on July 15, 2019, in the 453rd Judicial District Court, Hays County, Texas, Cause No. 19-1716. Britt seeks to recover more than $1 million in damages for injuries she allegedly suffered when she slipped on slick liquid and fell in the aisle of a Walgreens store in Kyle, Texas on September 22, 2017. *See* Dkt. 1-2. Walgreens, an Illinois corporation, removed the case to this Court on August 2, 2019 on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1441(b)(2). Dkt. 1.

Britt did not explain in her motion for leave to amend how she seeks to amend her complaint. In her reply, however, she appears to agree with Walgreens that the amendments are intended to

state a claim for premises liability. *See* Dkt. 21 at 1 ("The New Pleading is a Premises Liability Claim and Not a Negligence Claim"). Comparing the amended pleading[1] to the original, Britt also adds allegations that the liquid on which she slipped "was water from melted ice which had been on the floor for at least 45 minutes" (Dkt. 17-1 ¶ 7); that Walgreens "did not place warning signs in the area of the ice freezer, did not place a skid proof mat on the floor to prevent falls, or move the ice to another location" (*id.* ¶ 9(k)); and that Walgreens' safety training and floor inspections were inadequate (*id.* ¶ 9(l)).

Walgreens opposes Britt's amendment as futile. Specifically, Walgreens argues that Britt is attempting to add an ordinary negligence claim, which fails as a matter of law on the facts of this case. Alternatively, Walgreens contends that the allegations "appear aimed at interjecting irrelevant issues into this premises liability case and to excuse Plaintiff from having to meet her burden to prove that Walgreens had actual or constructive notice of the spill, as is required under Texas law." Dkt. 18 at 2. Finally, Walgreens opposes the amendment because Britt includes no factual basis for her assertions as to the source of the liquid and the length of time it was present.

## II.   Legal Standard

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterward "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1)-(2). "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). A district court must provide a "substantial reason" to deny a party's request for leave to amend, such as undue delay, bad faith, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the

---

[1] Walgreens correctly notes that the amended pleading is wrongly captioned as a petition. Dkt. 18 at 1 n.1.

2

opposing party, or futility of the amendment. *Id.*; *see also N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) (same). Absent a substantial reason, "the discretion of the district court is not broad enough to permit denial." *Mayeaux*, 376 F.3d at 425.

Here, Britt moves to amend her pleading for the first time, and her motion is timely under the Amended Scheduling Order. Dkt. 13-1 ¶ 4. To assess Walgreens' contention that the amendment nonetheless should be denied as futile, the Court applies the same standard of legal sufficiency applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Twombly*, 550 U.S. at 555 (cleaned up).

The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by

the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id.*

### III.   Analysis

The Court addresses in turn each of Walgreens' arguments that Britt's amendments are futile.

**A. Plaintiff's Newly Asserted Claims Are Plausible**

First, as stated, Walgreens contends that the proposed amendment would add an ordinary negligence claim, which is futile as a matter of law. Britt "agrees that it would be reversible error to try this case as a negligence claim" and submits that she is stating a premises liability claim instead. Dkt. 21 at 1. Under Texas law:

> Although negligent activity and premises liability claims are branches of the same tree, they are conceptually distinct: Negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe. Thus, the Texas Supreme Court has repeatedly declined to eliminate all distinction between these two theories. Distinguishing between these two causes of action can be tricky: The lines between negligent activity and premises liability are sometimes unclear, since almost every artificial condition can be said to have been created by an activity.

*Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (cleaned up); *see also, e.g.*, *Minjarez v. Wal-Mart Stores, Texas, LLC*, 363 F. Supp. 3d 763, 772-73 (W.D. Tex. 2019) ("Accordingly, a plaintiff must proceed under a theory of premises liability where his or her claim concerns the condition of the premises rather than contemporaneous negligent acts. A case arising under a theory of premises liability cannot support the plaintiff's recovery under a theory of general negligence."); *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016); *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010).

Texas requires an invitee such as Britt to prove four elements to prevail on a premises liability claim:

> (1) the property owner had actual or constructive knowledge of the condition causing the injury;
>
> (2) the condition posed an unreasonable risk of harm;
>
> (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and
>
> (4) the risk was the proximate cause of injuries to the invitee.

*Garcia v. Wal-Mart Stores Texas, L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018) (quoting *Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014)). One way a plaintiff can prove the first element, knowledge, is by showing – through either direct or circumstantial evidence – that it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Id.*; *Reyes v. Dollar Tree Stores, Inc.*, 221 F. Supp. 3d 817, 833 (W.D. Tex. 2016).

Accepting all well-pleaded facts in Britt's amended pleading as true and viewing them in the light most favorable to her, she alleges that:

> (1) Walgreens knew that "from time to time ice fell on the floor," and the liquid she slipped on "was water from melted ice which had been on the floor for at least 45 minutes," Dkt. 17-1 ¶¶ 7, 9(k);
>
> (2) the premises were unsafe for customers to traverse, *id.* ¶ 8;
>
> (3) Walgreens did not move the ice, clean up the slick liquid, place warning signs or a skid-proof mat near the freezer, or set a schedule to inspect the floor, *id.* ¶ 9; and
>
> (4) she was injured as "a direct and proximate cause of one or more of the above set forth failures by Defendant." *Id.* ¶ 10.

The amended complaint thus contains sufficient facts to state a premises liability claim that is plausible on its face.

Walgreens argues in the alternative that the proposed amendment would interject irrelevant issues into this case. It contends that courts have rejected attempts to use allegations of negligence in preventing or discovering a hazard, including an alleged failure to inspect or train, as a substitute for showing prior notice of the hazard in a premises liability action. Walgreens' arguments go to the merits of Plaintiff's case, but as noted, the Court does not weigh the evidence or evaluate the plaintiff's likelihood of success at this stage of the proceedings. *See Lone Star Fund*, 594 F.3d at 387. The Court finds that the amended complaint states a legally sufficient premises liability claim.

### B.  Plaintiff Alleges Facts Sufficient for Notice Pleading

Finally, Walgreens opposes the amendment because Britt includes no factual basis for her assertions as to the source of the liquid she slipped on and the length of time it was present. Britt contends in reply that "notice pleading is required. Pleading every fact is not." Dkt. 21 at 2. The Court agrees with Britt. At this stage of the case, Britt need not establish the truth of the new facts she alleges in her amended pleading.

### IV.   Conclusion

Based on the foregoing, the Court finds that Walgreens has failed to demonstrate that Britt's amendment would be futile. Because Walgreens has failed to demonstrate a "substantial reason" to deny the Motion to Amend, the discretion of this Court "is not broad enough to permit denial." *Mayeaux*, 376 F.3d at 425. Accordingly, Plaintiff's Amended Motion to Amend Pleadings (Dkt. 17) is **GRANTED**.

The Court **FURTHER ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

**SIGNED** on June 8, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE