# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE BRITT, *Plaintiff* | § § § § § § § | |
| v. | | CIVIL NO. 1-19-CV-781-RP |
| WALGREEN CO., *Defendant* | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Walgreen Co.'s Motion for Summary Judgment, filed September 22, 2020 (Dkt. 29); Plaintiff's Amended Response to Summary Judgment Motion, filed October 6, 2020 (Dkt. 32); and Defendant Walgreen Co.'s Reply to Summary Judgment Motion, filed October 8, 2020 (Dkt. 33). On April 27, 2021, the District Court referred the motion and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I. General Background

Plaintiff Stephanie Britt filed this premises-liability lawsuit against Walgreen Co. ("Walgreens" or "Defendant") after she slipped and fell inside a Walgreens store (the "Store") in Kyle, Texas. Plaintiff alleges that on September 22, 2017, at approximately 9:09 p.m., she "slipped on water or water and partially melted ice directly in front of the ice freezer" when she was walking down the frozen-food aisle, causing her to suffer bodily injuries. Dkt. 32 at 1-2. Plaintiff alleges

1

that Walgreens "[c]arelessly and negligently failed to clean the slick liquid on the floor of said aisle after it knew or should have known that the slick liquid presented a danger to customers." Amended Complaint ¶ 9(e), Dkt. 23.

Plaintiff originally filed suit in state court, asserting a sole claim of premises liability against Walgreens and seeking to recover monetary damages for bodily injuries and medical care, medical expenses, loss of sleep, lost work, lost earning capacity, pain and suffering and other mental anguish, and past and future disability. *Britt v. Walgreen, Co.*, No. 19-1716 (453rd Dist. Ct., Hays County, Tex. July 15, 2019), Dkt. 1-2. On August 2, 2019, Defendant removed the case to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). Dkt. 1.

Defendant now moves for summary judgment, arguing that Plaintiff has failed to come forward with summary judgment evidence that Walgreens had actual or constructive knowledge of the wet floor. Plaintiff opposes Defendant's motion.

## II. Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a

motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Analysis

Plaintiff's lawsuit asserts a sole claim of premises liability against Walgreens. Specifically, Plaintiff alleges that at 9:09 p.m. on September 22, 2017, she "slipped on water or water and partially melted ice directly in front of the ice freezer" located in the frozen food aisle of the Store. Dkt. 32 1-2. Plaintiff alleges that after she fell, she noticed that "there were [three] small puddles that were directly outside the ice freezer door that were the size and shape one would expect to find if ice cubes had been dropped on the floor." *Id.* at 2. Plaintiff contends that the puddles of water came from a customer pulling a bag of ice out of the freezer approximately 26 minutes before Plaintiff slipped and fell. In her Amended Complaint, Plaintiff alleges that Walgreens carelessly

3

and negligently (1) "permitted a slick liquid to be present on the floor in an area where customers traversed," (2) "failed to warn customers of the presence of the slick liquid on the floor of said aisle," and (3) failed to clean the slick liquid on the floor of said aisle after it knew or should have known that the slick liquid presented a danger to its customers." Amended Complaint, Dkt. 23 ¶ 9. Walgreens argues that Plaintiff's claim fails because she has not come forward with competent summary judgment evidence that Walgreens had actual or constructive knowledge of the puddles.

### A. Premises Liability

Under Texas law, "[g]enerally, premises owners . . . have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). In order to prevail on her premises liability claim, Plaintiff must show that (1) Walgreens "had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm;" (3) Walgreens "failed to take reasonable care to reduce or eliminate the risk;" and (4) the risk was the proximate cause of Plaintiff's injuries. *Id.* at 251. Walgreens moves for summary judgment on the first element alone, arguing that Plaintiff has failed to come forward with competent summary judgment evidence to show that it had actual or constructive knowledge of the puddles of water.

A plaintiff clan prove that a premises owner had actual or constructive knowledge of the condition causing the injury by showing that (a) "the defendant placed the substance on the floor"; (b) "the defendant actually knew that the substance was on the floor"; or (c) "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Garcia v. Wal-Mart Stores Texas, L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018) (quoting *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002)). Here, Plaintiff bases her

4

premises liability claim against Walgreens on the constructive knowledge theory: that it was more likely than not that the puddles of water were on the floor long enough to give Walgreens a reasonable opportunity to discover them.

"In premises cases constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-03 (Tex. 2000). "What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented." *Reece*, 81 S.W.3d at 816. In all cases, however,

> there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition. Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach [the Texas Supreme Court has] clearly rejected.

*Id.; see also Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 893 (5th Cir. 2000) ("The harsh reality . . . is that if a plaintiff cannot prove facts to establish that it is more likely than not that the dangerous condition existed long enough that a proprietor should have known of its presence, there is simply no basis for recovery.").

A plaintiff can rely on either direct or circumstantial evidence to show that the premises owner had constructive knowledge of the dangerous condition. Plaintiff relies on circumstantial evidence. The Texas Supreme Court has held "that when circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). If circumstantial

5

evidence "supports only the *possibility* that the dangerous condition existed long enough to give [the premises owner] a reasonable opportunity to discover it," the premises owner cannot be liable based on such evidence. *Id.* A plaintiff must demonstrate that the circumstantial evidence "is sufficiently non-speculative to create a fact issue." *Garcia*, 893 F.3d at 281. In determining whether the premises owner had a reasonable opportunity to discover the hazard, courts analyze "the combination of proximity, conspicuity, and longevity." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567-68 (Tex. 2006).

**B. A Fact Issue Exists as to Whether Walgreens Had Constructive Knowledge**

To support her claim that Walgreens had constructive knowledge of the presence of the water on the floor, Plaintiff relies on the following evidence:

> (1) Testimony from Walgreens' employees that, from time to time, ice fell out of the ice bag when a customer took it from the ice freezer;[1]
>
> (2) Time-stamped photographs showing a Walgreens customer entering the Store at 8:42 p.m. and leaving at 8:44 p.m. with a bag of ice in her shopping cart;[2]
>
> (3) Time-stamped photographs showing that Plaintiff entered the Walgreens store at 8:46 p.m., along with her allegations and Store records showing that she fell at 9:09 p.m.;[3]
>
> (4) Plaintiff's testimony that she slipped and fell on the puddles of water located right next to the ice freezer;
>
> (5) Plaintiff's testimony that after she fell, she noticed three small puddles of water next to the ice freezer "consistent with what melted ice looks like";[4]

---

[1] Alexander Dep. at 17:1-7 (Dkt. 32-1); Whatley Dep. at 9:13-20 (Dkt. 32-2).

[2] Dkt. 32-4. Walgreens argues that there is no evidence the bag of ice was ripped or that ice fell out of it.

[3] Walgreens contends that Plaintiff's allegation that she fell at 9:09 p.m. is contradicted by Plaintiff's deposition testimony, which stated that she was in the store only for ten minutes. Britt Dep. at 210:8 (Dkt. 29-2). Walgreens' own records, however, state that the accident occurred at 9:09 p.m. *See* Dkt. 32-6.

[4] Britt Dep. at 207:8-208:8 (Dkt. 29-2). Walgreens points out that there is no evidence what the puddles looked like before Plaintiff fell.

6

(6) The fact that Walgreens' employees did not know the precise time the floors were last inspected;[5] and

(7) The absence of record evidence that the water/ice came from any other source.

Dkt. 32 at 4-5.

The Court finds that Plaintiff has presented sufficient evidence to create a fact issue as to whether it was more likely than not that the puddles of water were caused from a Walgreens customer taking a bag of ice out of the ice freezer approximately 26 minutes before Plaintiff slipped and fell, and that the puddles of water were there long enough to give Walgreens a reasonable opportunity to discover the condition. *See Garcia*, 893 F.3d at 281 (holding that plaintiff's circumstantial evidence created a fact issue that defendant had constructive knowledge of spill where video and store policies suggested that store used a machine to place slippery liquid on the floor, the machine paused over a low-lying area, no store personnel checked for or took the requisite steps to remove it, and the plaintiff had slipped just where the machine had paused); *Livingston v. Dollar Tree Stores, Inc.*, No. 1:19-CV-102, 2020 WL 3513726, at *7 (E.D. Tex. May 19, 2020) (finding that fact issues precluded summary judgment on constructive knowledge based on reported proximity of aisle to front registers and approximate size of puddle).

Walgreens argues that Plaintiff's theory is speculative and supports only the *possibility* that the water came from a bag of ice and was there long enough for Walgreens to have discovered it. Walgreens hypothesizes that the water could have come from a customer spilling a drink in the aisle, or "a customer could have pulled a bag of ice out of the freezer and decided to put it back *because it was dripping*, and this could have happened moments before Britt walked by." Dkt. 29

---

[5] While Walgreens' employee Miguel Arredondo could not state the exact time that the floors had been inspected before Plaintiff's fall, he did testify that the inspection of floors was "a constant thing because you're always looking through the aisles for customers." Arredondo Dep. at 8:5-6 (Dkt. 32-8).

at 10. There is no direct or circumstantial evidence in the record to support either of these theories. The Court concludes that Plaintiff's "entire story, uncorroborated assumptions and all, is more plausible than [Walgreens'] proposed alternatives." *Garcia*, 893 F.3d at 282 (noting that plaintiff's "version of events requires some uncorroborated assumptions, but that is true of any explanation conceivably consistent with the video").

Accordingly, the Court finds that Plaintiff has presented sufficient evidence to create a fact issue as to whether Walgreens had constructive knowledge of the puddles of water. Walgreens has not moved for summary judgment on any other basis. Therefore, Walgreen's Motion for Summary Judgment should be denied.

## IV. Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendant Walgreen Co's Motion for Summary Judgment (Dkt. 29).

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to

proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 23, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE