UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHANIE BRITT § § | |
| v. § § | Civil No. 1:19-cv-00781-RP |
| WALGREEN CO. § § § | |

## PLAINTIFF'S MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to FRCP 52(b), Plaintiff, Stephanie Britt (hereafter "Plaintiff" or "Britt"), seeks an amendment of the findings of fact and conclusions of law.  *Garcia v. Wal-Mart* is controlling precedent for this Court and the Court misinterpreted and did not follow the Fifth Circuit's holdings.  *See* generally, *Garcia v. Wal-Mart Stores Tex., L.L.C.,* 893 F.3d 278 (5th Cir. 2018).

Plaintiff makes this Motion based on the evidence presented, the *Garcia* case cited above, and the Court's own Approval and Adoption of the Report and Recommendation of the United States Magistrate Judge (ECF no. 42) (hereafter "Magistrate Report").

### The Burden of Proof

In this premises liability case, Plaintiff must prove her case by a preponderance of the evidence.  This standard is also variously described as "the greater weight of the credible evidence" and "more likely than not."  In this matter, it should be noted that every single liability fact was derived from Walgreens' own employees, investigators, and production.  Plaintiff offered credible evidence of each and every liability fact.

Page **1** of **9** – Plaintiff's Motion to Amend Findings of Fact and Conclusions of Law

Defendant offered no counter evidence, relying instead on guesses and speculation. Plaintiff proved her case by the greater weight of credible evidence when she provided evidence of each liability fact. Walgreens offered no credible evidence to counter Plaintiff's evidence.

## Premises Liability

Under Texas law, "[g]enerally, premises owners…have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman,* 441 SW.3d 249, 251 (Tex. 2014).

> In order to prevail on her premises liability claim, Plaintiff must show that (1) Walgreens "had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; "(3) Walgreens "failed to take reasonable care to reduce or eliminate the risk;" and (4) the risk was the proximate cause of Plaintiff's injuries.

*See* Magistrate Report, p. 4; *see also Henkel* at 251; *see also Garcia*, at 279.

Unfortunately, the District Judge neither weighed the evidence nor examined whether Walgreens took reasonable care to reduce or eliminate the risk.

**1. The Condition Posed an Unreasonable Risk of Harm and the Risk was Proximate of Plaintiff's Injuries**

It is undisputed that when Britt fell, she slipped on water. There are three small puddles visible in pictures where she fell. Britt proved by a preponderance of the evidence that she slipped in a small puddle of water (it is undisputed and in fact, Walgreens' employees have said they believe it to be true). In proving this point, we have proven that there is a hazard in the store. Walgreens' policies expressly consider water on the floor a hazard and require employees to take action if they notice it. Trial Exhibit P-35.

Page **2** of **9 –** Plaintiff's Motion to Amend Findings of Fact and Conclusions of Law

**2.    Knowledge of the Condition Causing Injury**

There are two questions that go into Walgreens' actual and constructive notice of the conditions leading to Plaintiff's slip, fall, and injuries – (1) what was the source of the water on the floor; and (2) how long was the water on the floor prior to Plaintiff's fall?

> A plaintiff can prove that a premises owner had actual or constructive knowledge of the condition causing the injury by showing that (a) "the defendant placed the substance on the floor"; (b) "the defendant actually knew that the substance was on the floor"; or (c) "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it."

See Magistrate Report, p. 4; see also *Garcia*, at 279 (quoting *Wal-Mart Stores, Inc. v. Reece,* 81 SW.3d 812, 814 (Tex. 2002)).

Plaintiff presented evidence that the three (3) small puddles of water came from ice when a bag of ice was removed from the ice freezer.

1. There is video of a customer leaving the store with a bag of ice prior to the fall at 8:44 PM (direct evidence). Plaintiff's Proposed Findings of Fact ("PPFOF") paragraph 3;

2. There is testimony from Walgreens employees that there were puddles on the floor inches away from the freezer door (direct evidence). PPFOF paragraph 5, 9;

3. There are photos of the puddles inches away from the freezer door (direct evidence). PPFOF paragraph 9;

4. These photos depict the empty space where a bag of ice was taken out. PPFOF paragraph 9;

5. Walgreens employees all knew that when ice was taken out of the freezer, from time to time, ice would fall onto the floor. PPFOF paragraph 2;

6. There is testimony from Walgreens employees that they believed the puddles most likely were the result of ice falling on the floor. PPFOF paragraph 5;

7. There is testimony from Walgreens employees that the small puddles looked like the puddles made by ice from the freezer melting (direct evidence); PPFOF paragraph 9;

8. Plaintiff testified that she slipped and fell on the water or partially melted ice on the floor at 9:09 PM, which was 26 minutes after the ice was taken from the freezer (direct evidence). PPFOF paragraph 4;

9. Walgreens employees had no idea when, or even if, the floors were last inspected. PPFOF paragraph 7;

10. Walgreens did not have a wet floor sign in the area. PPFOF paragraph 6;

11. Walgreens offered *no evidence* disputing *any* of these facts.

First, the Court must decide whether it is more likely than not that Plaintiff slipped on water or partially melted ice as alleged by Plaintiff. Plaintiff offered her own testimony and other evidence that she slipped on one of the three small puddles inches away from the freezer door. Defendant offered no contrary evidence. This point is not disputed by any evidence.

Next the Court must decide how the small puddles got on the floor. Plaintiff offered undisputed evidence that:

1. a customer left the store with a bag of ice at 8:44 PM (and likely removed the bag from the ice freezer at 8:43 PM since she arrived at 8:42 PM);

2. Walgreens employees had actual knowledge that ice falls on the floor sometimes when a bag of ice is removed;

3. Twenty six minutes after the bag of ice was removed there were 3 small puddles inches away from the ice freezer door;

4. Walgreens employees testified that the 3 small puddles looked exactly like puddles previously seen by Walgreens employees when ice melted outside the freezer door.

5. *Walgreens offered no evidence of any other source of water for the small puddles of water inches away from the freezer door.*

Since *all* the evidence supports Plaintiff's theory and Walgreens has offered no evidence of *any* contrary theory, Plaintiff has proved by a preponderance of the evidence that she slipped and fell on water or partially melted ice (inches away from the freezer door) *that fell on the floor 26 minutes prior to the fall* when a customer took a bag of ice out of the freezer.

Indeed, both the Fifth Circuit in *Garcia* and the District Judge in adopting the Magistrate's Report and Recommendation compared the Plaintiff's evidence versus the Defendant's evidence and speculative theories. "The real question is whether Garcia's entire story, uncorroborated assumptions and all, is more plausible than Wal-Mart's proposed alternatives. The answer to that question is clearly yes." *Garcia* at 282. Magistrate's Report at 8.

Unfortunately, the District Judge failed to compare the evidence whatsoever in the Findings of Fact. Had there been a comparison, liability would have been determined against Defendant as a matter of law. Any comparison would have

demonstrated that there is substantial evidence supporting Plaintiff's theory and no evidence whatsoever supporting Defendant's speculative theories (the dispositive evidence was referred to by the Fifth Circuit and the Plaintiff in this case as particularized indicia).

The District Judge instead considered that the Plaintiff in *Garcia* had additional evidence such as video of the fall and that Wal-Mart's employees didn't follow company safety policy.  *See Garcia,* 893 F.3d 278, 281 (5th Cir. 2018).  The District Judge did not consider that Wal-Mart also had additional evidence of an alternate source of water and there was no evidence that the scrubber in *Garcia* was ever turned on.  *Id.,* 281-282. If there was video showing the customer removing the bag of ice would the case somehow turn out differently?  The primary difference between the Fifth Circuit's analysis and the District Judge's analysis is that the Fifth Circuit considered whether the Plaintiff's theory was more likely than not under the evidence. *Id.,* 281-282.

3.   **Constructive Knowledge of the Condition Causing Injury**

Once we determine the source of the water on the floor, we know how long it was there. By a preponderance of the evidence, we know that it was on the floor for 26 minutes. Revisiting the standard: "[g]enerally, premises owners…have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman,* 441 SW.3d 249, 251 (Tex. 2014).

We do not "infer" constructive knowledge, we ask whether in the exercise of reasonable care the premises owner should have known of the hazard. Obviously, the answer depends on the circumstances. Walgreens chose to put the bags of ice in a

freezer in an aisle in the back of the store. Despite actual knowledge that ice sometimes falls onto the floor when a bag of ice is removed, Walgreens chose not to put carpet down, put a mat down, move the ice bags to another location, or put up a warning sign. Walgreens also made no provision for inspection of the floors despite its actual knowledge that ice sometimes falls there.

What would a reasonable premises owner do with actual knowledge that ice sometimes falls on the floor? Take reasonable precautions.  Walgreens had actual knowledge that a bag of ice was purchased and that when ice is purchased it sometimes falls on the floor.  A reasonable premises owner would either warn (put up a wet floor sign), make safe (put down carpet or mat), move the ice outside, or reasonably inspect the area. The District Judge's Findings of Fact are an affirmation for Walgreens that no action is necessary and no inspection policies are necessary. That doing nothing is fine.

The District Judge's inability to "infer" constructive knowledge failed to consider what a reasonable premises owner would do. *There is no evidence Walgreens made any attempt to warn or make safe.  There is no evidence that Walgreens ever inspected the floor.*  Nor did Walgreens modify its ineffective inspection policy. A reasonable premises owner would have discovered ice outside the freezer door within 26 minutes. Walgreens employees had no idea when the floor was last inspected. From the testimony and investigation, there was no evidence the floor was inspected even once that day prior to the fall.

With actual knowledge of ice sometimes falling on the floor, a reasonable premises owner would have discovered the water or partially melted ice within 26

minutes. Walgreens had sufficient time that it should have reasonably discovered that hazard within 26 minutes.

## Conclusion

Plaintiff requests this Court amend its findings of fact and set out that the hazard existed for twenty-six minutes by a preponderance of evidence. Further, that a reasonable store owner would have had policies which ensured it would learn of the issue in far less than twenty-six minutes. Finally, Plaintiff requests that, once liability has been determined as a matter of law, this lawsuit be reset for jury trial on the issue of damages because it has now been over 7 months since the trial was held: the passage of time causes memories to fade and the damages question should be resolved by a jury.

Dated this 26th day of August 2022.

/s/ Robert Tyler
Robert Tyler, TX State Bar No. 24009347
tyler@tylerlaw.us
Tyler Law
9442 Capital of Texas Highway
Plaza 1, Suite 500
Austin, Texas 78759
Tel:   512.201.1500; Fax: 512.201.1505

*Attorney For Plaintiff*

**Certification**

I certify that I have provided opposing counsel a copy of this Plaintiff's Motion to Amended Proposed Findings of Fact and Conclusions of Law via the Court's ECF e-filing system on the 26 day of August 2022.

/s/ Robert Tyler