UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHANIE BRITT, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CIVIL ACTION NO. 1:19-CV-00781-RP |
| § | |
| WALGREEN CO., § | |
| § | |
| DEFENDANT. § | |

**DEFENDANT WALGREEN CO.'S SURRESPONSE TO PLAINTIFF'S MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW AND MOTION TO STRIKE PLAINTIFF'S UNTIMELY REPLY**

Defendant Walgreen Co. ("Defendant" or "Walgreen") files this Surresponse to Plaintiff's Motion to Amend Findings of Fact and Conclusions of Law and Motion to Strike Plaintiff's Untimely Reply, and in support, respectfully shows the Court as follows:

**A. Plaintiff's Untimely Response Must be Stricken**

On August 26, 2022, Plaintiff filed the instant motion pursuant to Federal Rule of Civil Procedure 52(b) requesting that the court amend its findings of fact and conclusions of law. Dkt. 124. Defendant timely filed a response on September 8, 2022. Dkt. 126. Pursuant to Local Rule CV-7(E)(2) Plaintiff was required to file a reply within 7 days of Defendant's response i.e. by September 15, 2022. Plaintiff did not file her reply until October 14, 2022—almost one month after her deadline. Dkt. 129.

Plaintiff did not request leave to file her response past the deadline nor did she ever file a motion for extension of time. As a result, pursuant to the Local Rules Plaintiff's untimely reply must be stricken. *See Sec. & Exch. Comm'n v. Milles*, No. 1:19-CV-714-RP, 2020 WL 1520139,

1

at *1 (W.D. Tex. Mar. 28, 2020) (refusing to consider an untimely reply where the party made no request to extend the time to file the reply and did not file a motion for extension) (Pitman, J.).

**B. Regardless, Plaintiff's Reply is Factually Inaccurate and Again Attempts to Shift the Burden of Proof on Defendant**

In the event that the Court denies Defendant's Motion to strike, Defendant files the following surresponse to Plaintiff's Motion to Amend Findings of Fact and Conclusions of Law.

*i. Plaintiff Incorrectly Argues for De Novo Review*

At the outset, Plaintiff's argument that she is entitled to a *de novo* standard of review on her motion to amend under Federal Rule of Civil Procedure 52(b) is wrong. As noted in Defendant's response, "The purpose of Rule 52(b) is 'to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence.'" *Cash Flow Fin., LLC v. Bishop*, No. MO-09-CV-29, 2011 WL 13174949, at *2 (W.D. Tex. Sept. 21, 2011) (citing *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th 1986)). And, as previously explained in detail, Plaintiff points to no manifest error that would require amendment.

*ii. Defendant Does Not Admit that Water was on the Ground Causing Plaintiff to Slip, and, In Any Event, Still Relies on Pure Speculation as to the Origin of the Liquid*

Plaintiff's reply claims that Defendant admits that water was on the ground and that Plaintiff fell on water. However, Defendant does not admit that and did not do so at trial. Plaintiff points to a claims investigation note which states that the droplets of liquid could have been water. But these droplets were never tested and confirmed that they were in fact water.

Even assuming *arguendo* that the droplets were in fact water, Plaintiff still failed to prove that they came from the bag of ice pulled by the unidentified customer. Indeed, as the Court correctly noted there is no video showing the bag of ice being pulled from the freezer and the fact that ice may fall from bags "from time to time" does not establish that it occurred on this particular

268922987

occasion. As a result, this argument adds nothing to this case and is not "manifest error" such that the Court should amend its findings of fact and conclusions of law. *See Wal-Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 816 (Tex. 2002) (noting that if circumstantial evidence "supports only the possibility that the dangerous condition existed long enough to give [the premises owner] a reasonable opportunity to discover it," then the owner cannot be liable); *Sova v. Bill Miller Bar-B-Q Enterprises, Ltd.*, 03-04-00679-CV, 2006 WL 1788231, at (Tex. App.—Austin June 30, 2006, no pet.) (finding a customer's beliefs about the origins of a puddle that was nothing more than mere conjecture and speculation was insufficient).

### iii.   *Plaintiff Again Attempts to Shift Her Burden of Proof to Defendant*

Realizing that she has not established her burden of proof, and as she has done throughout this entire case, Plaintiff argues that because Defendant has not proved that the liquid came from a source besides the bag of ice purchased by the unidentified customer that she must prevail. This argument is incorrect.

In fact, despite continually asserting that Defendant should offer evidence for an alternative source, Plaintiff has never provided case law stating that Defendant must do so—likely because none exists. And, as noted by the Texas Supreme Court, it is Plaintiff's burden to prove facts (not speculation) that the liquid existed long enough such that Defendant should have known of its presence. Here, Plaintiff simply points to a bag of ice that is not torn, ripped, or otherwise leaking when it exited the store and speculate that ice must have fallen and melted from that bag.

Thus, because Plaintiff's mere conjecture does not meet her burden of proof, the Court was correct in finding that Plaintiff failed to establish constructive notice.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant Walgreen Co. respectfully requests that the Court:

1. Grant Walgreen Co.'s Motion to Strike Plaintiff's Untimely Reply;

2. Alternatively, if the Court denies Walgreen Co.'s Motion to Strike Plaintiff's Untimely Reply, then Walgreen's Co. respectfully requests that the Court time file and consider its' Surresponse;

3. Deny Plaintiff's motion because the Court correctly determined that Defendant is not liable for Plaintiff's alleged injuries; and

4. Provide all other relief in law and equity to which it may be justly entitled.

Respectfully Submitted,

**CLARK HILL, PLC**
2301 Broadway
San Antonio, Texas 78215
Telephone (210) 250-6000
Facsimile (210) 250-6100

By: */s/ Stephen T. Dennis*
**STEPHEN T. DENNIS**
Texas Bar No. 24040795
sdennis@clarkhill.com
**CYNTHIA GRIMES**
Texas Bar No. 11436600
cgrimes@clarkhill.com
**CHARLES HAYES**
Texas Bar No. 24116496
chayes@clarkhill.com

**ATTORNEYS FOR DEFENDANT WALGREEN CO.**

4

268922987

## CERTIFICATE OF SERVICE

      The undersigned counsel certifies that on the 25th day of October 2022, a true and correct copy of the foregoing was forwarded to all known counsel via the Court's CM/ECF system in compliance with the Federal Rules of Civil Procedure.

                                                */s/ Stephen T. Dennis*
                                                Stephen T. Dennis

268922987